**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| SCOTT VANARSDALE,<br><br>               Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK A/S, and NOVO NORDISK INC.,<br><br>               Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:24-cv-05849 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by

1

Case Management Order ("CMO") No. 27 (ECF No. 503).

## **IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): _____Scott Vanarsdale_____.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____, as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

   __X__ Novo Nordisk Inc.

   __X__ Novo Nordisk A/S

   _____ Eli Lilly and Company

   _____ Lilly USA, LLC

   _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   _Carbon,   Indiana__

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   __Indiana____

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   __Indiana__

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   __Carbon,  Indiana__

10. Jurisdiction is based on:

    _X__ diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____ other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    __United States District Court for the Southern District of Indiana__

12. Venue is proper in the District Court identified in Paragraph 11 because:

    _X___ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

    \_\_\_\_\_ other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

### **PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

  __X__ Ozempic (semaglutide)

  \_\_\_\_\_ Wegovy (semaglutide)

  \_\_\_\_\_ Rybelsus (oral semaglutide)

  \_\_\_\_\_ Victoza (liraglutide)

  \_\_\_\_\_ Saxenda (liraglutide)

  \_\_\_\_\_ Trulicity (dulaglutide)

  \_\_\_\_\_ Mounjaro (tirzepatide)

  \_\_\_\_\_ Zepbound (tirzepatide)

  \_\_\_\_\_ Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

  _Plaintiff used Ozempic from approximately June 2022 – July 2023_____

4

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

\_\_\_\_\_ Gastroparesis

\_\_\_\_\_ Other gastro-intestinal injuries (specify) _____

\_\_\_\_\_ Ileus

\_\_\_\_\_ Ischemic Bowel/Ischemic Colitis

\_\_X\_\_ Intestinal Obstruction

\_\_\_\_\_ Necrotizing Pancreatitis

\_\_\_\_\_ Gallbladder Injury (specify)  <u>Cholecystectomy</u>

\_\_\_\_\_ Micronutrient Deficiency

\_\_\_\_\_ Wernicke's encephalopathy

\_\_\_\_\_ Aspiration

\_\_\_\_\_ Death

\_\_\_\_\_ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

<u>  September 2023  </u>_____

_____

_____

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    __X__ Injury to self

    _____ Injury to person represented

    _____ Economic loss

    _____ Wrongful death

    _____ Survivorship

    _____ Loss of services

    _____ Loss of consortium

    _____ other(s) (specify): _____

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    \_\_\_\_ Count I:     Failure to Warn – Negligence

    \_\_\_\_ Count II:    Failure to Warn – Strict Liability

    \_\_\_\_ Count III:  Breach of Express Warranty/Failure to Conform to Representations

    \_\_\_\_ Count IV:  Breach of Implied Warranty

    \_\_\_\_\_ Count V:   Fraudulent Concealment/Fraud by Omission

    \_\_\_\_\_ Count VI:  Fraudulent/Intentional Misrepresentation

    \_\_\_\_\_ Count VII:  Negligent Misrepresentation/Marketing

    \_\_\_\_\_ Count VIII:  Strict Product Liability Misrepresentation/Marketing

    \_\_\_\_\_ Count IX:   Innocent Misrepresentation/Marketing

    \_\_\_\_\_ Count X:   Unfair Trade Practices/Consumer Protection (see below)

    \_\_\_\_ Count XI:  Negligence

    \_\_\_\_\_ Count XII:  Negligent Undertaking

    \_\_X\_\_ Count XIII: State Product Liability Act (see below)

    \_\_\_\_\_ Count XIV: Wrongful Death

    \_\_\_\_\_ Count XV:  Loss of Consortium

    \_\_\_\_\_ Count XVI: Survival Action

    \_\_\_\_\_ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____
_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

_____

_____

    b. Identify the factual allegations supporting those claims (by subsection, if applicable):

_____

_____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

      Ind. Code §§ 34-20-1-1, 34-20-4-2, and 34-20-9-1._____

    b. Identify the legal theories identified in Paragraph 19 above (e.g., negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

<u>Failure to warn – negligence, failure to warn – strict liability, fraudulent concealment, intentional misrepresentation, negligent misrepresentation, strict product liability misrepresentation, innocent misrepresentation, negligence, and negligent undertaking.</u>

c. Identify the factual allegations supporting those claims:

<u>Negligence – See, e.g., ¶¶ 866-880 of the Master Complaint (negligence) incorporated herein by reference.</u>

<u>Negligent undertaking – See, e.g., ¶¶ 881-903 of the Master Complaint (negligent undertaking) incorporated herein by reference.</u>

<u>Negligent misrepresentation – See, e.g., ¶¶ 801-824 of the Master Complaint (negligent misrepresentation) incorporated herein by reference.</u>

<u>Failure to warn – negligence – See, e.g., ¶¶ 604-640 of the Master Complaint (negligent failure to warn) incorporated herein by reference.</u>

<u>Breach of express warranty – See, e.g., ¶¶ 675-698 of the Master Complaint (breach of express warranty) incorporated herein by reference.</u>

<u>Breach of implied warranty – See, e.g., ¶¶ 699-720 of the Master Complaint (breach of implied warranty) incorporated herein by reference.</u>

<u>Failure to warn – strict liability – See, e.g., ¶¶ 641-674 of the Master Complaint (strict liability failure to warn) incorporated herein by reference.</u>

<u>Fraudulent concealment – See, e.g., ¶¶ 721-779 of the Master Complaint (fraudulent concealment) incorporated herein by reference.</u>

<u>Fraudulent misrepresentation – See, e.g., ¶¶ 780-800 of the Master Complaint (fraudulent misrepresentation) incorporated herein by reference.</u>

<u>Strict product liability misrepresentation</u> – See, e.g., ¶¶ 825-848 of the Master Complaint (strict product liability) incorporated herein by reference.

<u>Innocent misrepresentation</u> – See, e.g., ¶¶ 849 of the Master Complaint (innocent misrepresentation) incorporated herein by reference.

<u>Furthermore, Defendants knew or should have known that their GLP-1 RA Products had not been sufficiently or adequately tested for safety. Labels for Defendant's GLP-1 RA Products were inadequate because they did not warn or adequately warn that their GLP-1 RA Products had not been sufficiently or adequately tested for safety risks. Plaintiff's prescribing physician had no way to determine the truth behind the inadequacies of Defendant's warnings. Had plaintiff been warned of the increased risks of injuries then Plaintiff would not have used Ozempic and suffered from an intestinal obstruction.</u>

*Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? ___N/A___. If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date:  November 24, 2025                    RESPECTFULLY SUBMITTED,

/s/ Anthony G. Simon
Anthony G. Simon, MO Bar # 38745
**THE SIMON LAW FIRM, P.C.**
1001 Highlands Plaza Drive, Suite 300
St. Louis, Missouri 63110
Phone: (314) 241-2929
Fax: (314) 241-2029
Email: Asimon@simonlawpc.com

*Attorneys for Plaintiff*